# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| United States of America | : | |
| --- | --- | --- |
| v. | : | Case No. 1:24-CR-311-ELH |
| James Howeth | : | |
| Defendant | : | |

## Motion in Limine to Exclude Irrelevant and Prejudicial Evidence

### Introduction

James Howeth, through Counsel, respectfully requests the Court issue an order precluding the Government from introducing into evidence at trial (1) evidence related to material discovered in Ann Curl's Verizon Synchronoss account; (2) digital files purportedly depicting bestiality; (3) digital files purportedly depicting "child erotica"; and (4) digital files purportedly depicting "cartoon" or "animated depictions." Such evidence is irrelevant, unfairly prejudicial, and impermissible 404(b) evidence.

Additionally, Mr. Howeth requests the Court to limit the number of child pornography images the Government intends to introduce into evidence at trial. Allowing the Government to present a significant number of images creates a real danger of unfair prejudice to Mr. Howeth, and will result in undue delay, waste time, and needlessly present cumulative evidence to the jury.

1

## Legal Standard

The Federal Rules of Evidence provide that only relevant evidence is admissible at trial. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Stated differently, "evidence is relevant only if it logically relates to matters that are at issue in the case." *United States v. Mosby*, 2024 WL 96349, at *2 (D. Md. Jan. 9, 2024) (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 387 (2008)). The party seeking to introduce evidence bears the burden of establishing relevancy. *See Dowling v. United States*, 493 U.S. 342, 351 n.3 (1990).

Even if the district court determines that evidence is relevant, it may nevertheless exclude it if "its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice exists "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence." *United States v. Byers*, 649 F.3d 197, 210 (4th Cir. 2011) (quoting *United States v. Siegel*, 536 F.3d 306, 319 (4th Cir. 2008)).

Additionally, Rule 404(b) prohibits the Government from introducing evidence of a crime, wrong, or other act to prove a defendant's bad character in order to show that he acted in accordance with that character. *See* Fed. R. Evid. 404(b). Such evidence may be admissible, however, "for another purpose, such as

proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Evidence offered under Rule 404(b), like all other evidence, must be relevant and is subject to assessment under Rule 403.

Where the Government seeks to introduce such evidence, it must provide reasonable notice, articulate the permitted purpose for which it intends to offer the evidence and the reasoning supporting that purpose, and do so in writing before trial. *See* Fed. R. Evid. 404(b)(3). In the Fourth Circuit, courts use a four-part test to assess the admissibility of otherwise impermissible 404(b) evidence. *See United States v. Lespier*, 725 F.3d 437, 448 (4th Cir. 2013). The prior-act evidence must be: (1) relevant to an issue other than character, such as intent; (2) necessary to prove an element of the crime charged; (3) reliable; and (4) it's probative value must not be substantially outweighed by its prejudicial nature. *Id*. (citing *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997)).

**Argument**

1. **Evidence Related to Material Discovered in Ann Curl's Verizon Synchronoss Account.**

As the Court is aware, the investigation in this case stems from a Cybertip reported by Verizon Synchronoss Technologies, Inc, to the National Center for Missing and Exploited Children ("NCMEC"). *See* ECF No. 54 (Motion to Suppress and Request for Franks Hearing) at 3. Based on information contained the NCMEC Cybertip, the Maryland State Police obtained a search and seizure warrant for the Synchronoss Technologies, Inc., account belonging to Ann Curl. *Id*. at 3 – 5. Law

3

enforcement were able to view the contents of Ann Curl's Synchronoss account, which included: (1) a picture of her Maryland State driver's license; (2) a picture depicting a brown and black dog performing oral sex on a human female; (3) a picture depicting a brown and black dog sitting in a vehicle with Ann Margarett Curl; and (4) a 21- second video depicting a brown and black dog being ordered and performing oral sex on a human female. *See* ECF No. 67 (Motion to Suppress and Request for Franks Hearing, Ex. D). The Court should exclude any evidence related to the picture and video of a dog performing oral sex on a human female.

As a threshold matter, this evidence is not relevant. Mr. Howeth is not charged with any offense related to the image or video, and these files are not relevant to any of the charges contained in the Superseding Indictment. *See* ECF No. 42 (Superseding Indictment). For that reason alone, the evidence is inadmissible at trial. *See* Fed. R. Evid. 402.

Even if the Government could identify some reason why this evidence is relevant (and it is not), any little probative value would be substantially outweighed by a real danger of unfair prejudice. Evidence of apparent bestiality will undoubtedly evoke a strong emotional response from the jury. That strong emotional response will inappropriately influence the way that the jury evaluates the evidence in this case, resulting in unfair prejudice to Mr. Howeth. Because the danger of unfair prejudice substantially outweighs any potential probative value, this evidence should be excluded.

2. **Digital Files Purportedly Depicting Bestiality.**

According to information contained in discovery, a forensic examination of two Samsung Galaxy smartphones revealed a number of images depicting "a dog or a cat engaging in what appeared to be oral sex with a man or woman reasonably believed to be either the suspect or Ann Margaret Curl," or "a dog or cat engaging in possible sexual activity with adult women associated with the suspect." The Court should preclude the Government from admitting any evidence related to these digital files.

First, these images are not relevant. Mr. Howeth is not charged with any offense related to these images, and these images are not relevant to any essential element of the charges contained in the Superseding Indictment. Thus, this evidence is inadmissible under Rule 402.

Second, even if the Government could establish some relevance in this evidence, any little probative value is substantially outweighed by the danger of unfair prejudice. As noted above, any evidence of bestiality will undoubtedly evoke a strong emotional response in the jury that will adversely influence the way that it considers the evidence in this case. Moreover, there are no facts to support the conclusion that the images depict an individual "reasonably believed to be" Mr. Howeth. Any suggestion to that effect will further result in unfair prejudice to Mr. Howeth, depriving him of the right to a fair trial. Thus, this evidence is inadmissible under Rule 403.

Third, to the extent that the Government argues that Mr. Howeth is the individual depicted any images, such evidence is inadmissible under Rule 404(b). To

date, the Government has provided no notice of any intent to introduce any 404(b) evidence, let alone reasoning to justify the admissibility of such evidence. For these reasons, the Court should also exclude these images under Rule 404(b).

### 3. Digital Files Purportedly Depicting "Child Erotica."

According to information contained in discovery, a forensic examination of two Samsung Galaxy smartphones revealed a number of images depicting "children in various stages of undress (child erotica), or persons whose age could not be easily identified engaged in sexual acts[.]" The Court should preclude the Government from admitting this evidence – or testimony about this evidence – at trial.

First, these images are not relevant. Mr. Howeth is not charged with any offense related to these images, and these images are not relevant to any essential element of the charges contained in the Superseding Indictment. Thus, it is inadmissible under Rule 402.

Second, even if this evidence is relevant, any little probative value is substantially outweighed by the danger of unfair prejudice. There is a real danger that this evidence may mislead the jury to believing that Mr. Howeth is guilty of the child pornography offenses contained in the Superseding Indictment based on images that are not child pornography. Additionally, it is unclear how the forensic examiner defines "child erotica." Placing such a label on images that the Government does not claim are unlawful child pornography presents a real risk of inflaming the passions of the jury in a way that will adversely influence the way it

evaluates the evidence in this case. For those reasons, this evidence is inadmissible under Rule 403.

Third, this evidence is also impermissible 404(b) evidence. *See* Fed. R. Evid. 404(b). The Government has not provided any notice of intent to introduce any 404(b) evidence, let alone reasoning to justify the admissibility of such evidence. As such, it is inadmissible.

4. **Digital Files Purportedly Depicting "Cartoon" or "Animated Depictions."**

According to information contained in discovery, a forensic examination of a Samsung Galaxy smartphones revealed a number of images depicting "cartoon or animated depictions of children engaged in sexual acts." The Court should preclude the Government from admitting any evidence related to these images.

First, the evidence is not relevant to the offenses charged in the Superseding Indictment. Mr. Howeth is not charged with any offense related to these images, and these images are not relevant to any essential element of the charges contained in the Superseding Indictment.

Second, any minimal relevance is substantially outweighed by the danger of unfair prejudice to Mr. Howeth. Evidence or testimony about these images will undoubtedly evoke a strong emotional response from the jury that will adversely influence the way that evaluates the evidence.

Third, these images constitute impermissible 404(b) evidence. The Government has not provided any notice of intent to introduce any 404(b) evidence,

let alone reasoning to justify the admissibility of such evidence. As such, this evidence is inadmissible.

5. **Request to Limit the Number of Images Depicting Child Pornography.**

Counsel for Mr. Howeth requests the Court to limit the number of child pornography images the Government seeks to introduce into evidence at trial. While the defense recognizes that Mr. Howeth is charged with offenses that require the Government to prove that he possessed child pornography, allowing the Government to introduce a significant number of these images to the jury creates a "genuine risk that emotions of a jury will be excited to irrational behavior." *United States v. Mason*, 662 F.Supp.3d 548, 553 (D. Md. 2023). This risk would be "disproportionate" to any probative value offered by the evidence. *Id.* Additionally, it would be cause undue delay, waste time, and needlessly present cumulative evidence to the jury. *See* Fed. R. Evid. 403. For these reasons, the Court should limit the number of child pornography images the Government seeks to introduce into evidence at trial.

Respectfully submitted,
James Wyda
Federal Public Defender
  for the District of Maryland

___/s/_____
Francisco A. Carriedo (#816158)
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland  21201

Phone: (410) 962-3962  
Fax:  (410) 962-0872  
Email: Francisco_Carriedo@fd.org

## CERTIFICATE OF SERVICE

  I hereby certify that on January 20, 2026, a copy of the foregoing was served via CM/ECF to the Government.

            _____/s/_____  
            Francisco A. Carriedo