IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

JAMES HOWETH,
*Defendant*.

Criminal No. ELH-24-00311

**MEMORANDUM**

On June 23, 2026, the government filed a "Motion For Exclusion Of Time From Speedy Trial Act Computations." ECF 121 (the "Motion"). There, it requested an exclusion of time from June 23, 2026 through and including September 14, 2026, *i.e.*, the trial date, due to the pendency of several motions in limine and in the interests of justice. *See* 18 U.S.C. § 3161(h). The government advised that the defendant "does not consent to this motion . . . ." ECF 121, ¶ 16.

By Order of the same date, June 23, 2026 (ECF 122), the Court granted the Motion. However, the Court expressly granted the defendant the opportunity to move to rescind the Order "as improvidently granted." *Id.* Defendant did not so move. Instead, on June 24, 2026, the defense filed its "Opposition to Motion for Exclusion of Time From Speedy Trial Act Computations." ECF 123. I shall construe ECF 123 as a Motion to Rescind.[1]

The defense asserts, in part, *id.* at 3: "Counsel for Mr. Howeth objects to the requested exclusion because the Government's basis for it stems from the Government's decision to obtain a second superseding indictment less than one month before trial based on information that it had at the inception of the prosecution against Mr. Howeth." The defense adds, *id.*: "But for the

---

[1] Government counsel advised Chambers that the government does not intend to file a reply.

Government's last-minute decision to bring additional charges so close to trial, the trial would have taken place on May 11, 2026, and no additional time would have been necessary." *Id.*

No hearing is necessary. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion and deny the Motion to Rescind (*i.e.*, ECF 123).

## I.    Procedural History

### A.

The parties are familiar with the procedural history. Therefore, I will provide only those portions of the procedural history necessary for context.

Mr. Howeth was indicted on October 24, 2024. ECF 1. He was charged with one count of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), and two counts of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2).

By Order of August 28, 2025 (ECF 40), trial was set for May 11, 2026. Then, on September 10, 2025, the government obtained a Superseding Indictment. ECF 42. However, the Superseding Indictment set forth the same offenses as initially charged. For the most part, it merely changed the number of image files in regard to Count One. *See* ECF 43 (redlined changes)

However, on April 15, 2026, with less than a month to go before trial on May 11, 2026, the government obtained a Second Superseding Indictment. ECF 105. The Second Superseding Indictment added several new charges against the defendant, including distribution of child pornography under 18 U.S.C. §§ 2252(a)(2) and 2256, an additional child sexual exploitation charge, and an additional charge of possession of child pornography. *See* ECF 105. This led the Court to set a new trial date of September 15, 2026. ECF 111.

2

**B.**

Notably, *by consent*, the parties previously submitted multiple motions to exclude time from the Speedy Trial Act computations. *See* ECF 17; ECF 23; ECF 33; ECF 39. The Court granted each motion.

Also of note, by Order of January 13, 2025 (ECF 20), the Court set a defense motions deadline of January 31, 2025. Of import, on multiple occasions, the defense sought extensions of the motions deadline. *See* ECF 21; ECF 25; ECF 32. And, in a joint status report filed July 16, 2025 (ECF 34), the Court was advised that the defense planned to ask again for additional time for the filing of pretrial motions.

Thereafter, on August 27, 2025, the Court held a telephone scheduling conference with counsel. *See* Docket. By Order of August 28, 2025 (ECF 40), the Court set a new defense motions deadline of October 24, 2025.

In other words, the defense obtained an extension for the submission of suppression motions from the original due date of January 31, 2025 until October 24, 2025. This accounted for a substantial period of the delay that has affected the progress of this case.

Also on August 27, 2025, I scheduled a motions hearing for February 4, 2026. *Id.* And, trial was set for May 11, 2026. *Id.* at 2.

Two defense motions to suppress were filed on October 24, 2025, both under seal. Redacted versions are docketed at ECF 53 and ECF 54. Numerous exhibits were also submitted. Briefing was not completed until December 2025. *See, e.g.*, ECF 81; ECF 82.

As anticipated, the Court held an evidentiary motions hearing on February 4, 2026. ECF 90. The motions culminated in a 62-page Memorandum Opinion (ECF 103) and Order (ECF 104),

of this Court, docketed on April 3, 2026.  There, the Court denied both of defendant's suppression motions.

However, the Court has not yet ruled on multiple motions in limine filed by both sides. Some were filed in January 2026, one was filed in May 2026, and another was filed on June 18, 2026.  *See* ECF 84; ECF 85; ECF 116; ECF 120.  Both ECF 116 and ECF 120 are not yet fully briefed.  A hearing date for those motions is scheduled for August 5, 2026.  *See* ECF 111 (Order of April 17, 2026).

As noted, a Second Superseding Indictment was filed in this case on April 15, 2026 (ECF 105) which added new charges.  At the time of that filing, trial was about a month away; it was set for May 11, 2026.  *See* ECF 40.  As a result of the filing, the Court promptly scheduled a telephone conference with counsel, out of concern for the impact of the Second Superseding Indictment on defendant's ability to proceed to trial in less than a month.  The telephone conference was held on April 17, 2026, two days after the issuance of the Second Superseding Indictment.  *See* Docket; *see also* ECF 111.[2]

As reflected in my Order of April 17, 2026 (ECF 111), defense counsel advised the Court during that telephone conference that the defendant had "no other choice" but to seek "a continuance" of the trial date.  Nevertheless, defense counsel asserted that defendant does not waive his speedy trial rights, even though defendant was not in a position to proceed to trial on the scheduled trial date of May 11, 2026, because of the new charges.  ECF 111.

As would be expected, this Court takes notes during these telephone conferences.  The notes reflect, consistent with my memory, that government counsel told the Court during the

---

[2] When the Court sought to schedule the telephone conference, lead counsel for the defendant in this case was in trial before Judge Bennett.

telephone conference that the defendant was familiar with the evidence in support of the new charges, because it had been produced, even though the evidence had not been the subject of any charges. Moreover, in regard to the decision to proceed on a Second Superseding Indictment, the government explained that the mother of the alleged victim was now "in a better place," saw certain images, and identified her child. Therefore, on that basis, the government sought to add additional charges.

Of course, in light of the circumstances, I granted the defense request for a continuance. Trial was reset for September 15, 2026. ECF 111.

In ECF 123, the defense renews its complaint about the belated filing of the Second Superseding Indictment. Defendant states that the "new charges are based on evidence that the Government has had in its possession since the inception of this case." *Id.* at 2.

## II.    Discussion

The Speedy Trial Act of 1974 ("Speedy Trial Act" or "Act"), 18 U.S.C §§ 3161–3174, "generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance." *Zedner v. United States*, 547 U.S. 489, 492 (2006) (citing 18 U.S.C. § 3161(c)(1)). If a defendant is not brought to trial within the required time limit, "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

Notably, "the Act contains a detailed scheme under which certain specified periods of delay are not counted." *Zedner*, 547 U.S. at 492. But, "[s]ome of these delays are excludable only if the district court makes certain findings enumerated in the statute." *Bloate v. United States*, 559 U.S. 196, 203 (2010) (citing 18 U.S.C. § 3161(h)(7)); *see United States v. Hart*, 91 F.4th 732, 739–740 (4th Cir. 2024).

In particular, 18 U.S.C. § 3161(h)(7)(A) provides that a court "shall" exclude the following:

5

Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

In deciding whether to grant a continuance under § 3161(h)(7)(A), a court "shall consider" the factors identified at 18 U.S.C. § 3161(h)(7)(B)(i)–(iv), "among others."  The statutory factors include "[w]hether the failure to grant such a continuance . . . would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," *id.* § 3161(h)(7)(B)(i); "[w]hether the case is so unusual or so complex . . . that it is unreasonable to expect adequate preparation . . . for the trial itself . . . .", *see id.* § 3161(h)(7)(B)(ii); and "'whether counsel need additional time to prepare effectively, and whether delay is necessary to ensure continuity of counsel.'"  *United States v. Pair*, 84 F.4th 577, 584 (4th Cir. 2023) (quoting *United States v. Henry*, 538 F.3d 300, 303–04 (4th Cir. 2008)); *see* 18 U.S.C. § 3161(h)(7)(B)(iv).

"Other delays are automatically excludable, *i.e.*, they may be excluded without district court findings."  *Bloate*, 559 U.S. at 203; *see Hart*, 91 F.4th at 737.  The automatically excludable delays "shall" include "[a]ny period of delay resulting from other proceedings concerning the defendant."  18 U.S.C. § 3161(h)(l).  By statute, the period of "delay resulting from other proceedings concerning the defendant" is excludable, "including but not limited to" (18 U.S.C. § 3161(h)(1)), eight types of proceedings enumerated in 18 U.S.C. § 3161(h)(1)(A)–(H).  Among the eight enumerated proceedings are "*delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion,*" *id. § 3161(h)(1)(D)*, and "delay resulting from consideration by the court of a proposed plea

agreement . . . ." *Id.*, § 3161(h)(1)(G) (emphasis added). In addition, the period of time that a motion is "under advisement by the court" is also excludable, but "not to exceed thirty days." 18 U.S.C. § 3161(h)(1)(H).

The defense does not cite any cases in support of its objection. Nor has defendant provided the Court with any cases that would support a finding that the government was not entitled to file the Second Superseding Indictment, or violated defendant's constitutional or procedural rights, or otherwise committed an error in doing so. It appears to the Court that the defendant merely endeavors to preserve his right to assert a speedy trial violation.

I see no merit to the defendant's position. Indeed, with good reason, the defendant requested the continuance of the trial date, and I granted that request.

Therefore, for the reasons set forth previously in my Order of June 23, 2026 (ECF 122), incorporated here, I again conclude that the time period from June 23, 2026 through and including September 14, 2026, is excluded in computing the time in which the trial in this matter must commence pursuant to the Act. For the reasons previously set forth, and as reflected in the record of this case, this determination is based on a finding that the ends of justice served by the delay outweigh the interest of the defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7).

An Order follows.

Date:   June 25, 2026

_____/s/_____
Ellen Lipton Hollander
United States District Judge

7